IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUMMER DANIELLE LYONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:26-cv-00500 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DR. CHARLES IHRIG, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Summer Danielle Lyons, a resident of Minneapolis, Minnesota, brings this pro se action under 42 U.S.C. § 1983, asserting a federal civil rights claim and state law claims against Defendant Dr. Charles Ihrig, a Tennessee licensed psychologist. (Doc. No. 1). Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Doc. No. 2) and Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 5).

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Plaintiff reports a monthly income of $750.00 from employment (Doc. No. 5 at 1-2), having $0.00 in cash and $0.00 in her checking account (*id.* at 2), and $1,490.00 in monthly expenses (*id.* at 4-5). Because Plaintiff's IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 5) will be granted. The Clerk therefore will be directed to file the Complaint (Doc. No. 1) in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. <u>LEGAL STANDARD</u>

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether a complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon

"view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

B. <u>ALLEGED FACTS</u>

The facts alleged in the Complaint are assumed true for purposes of the required screening of the in forma pauperis Complaint. Those (alleged) facts are set forth below without qualification to denote that they are being taken as true (even though they ultimately could be revealed to be untrue). Legal conclusions or arguments in the Complaint are not taken as true, however; therefore, where legal conclusions or arguments in the Complaint are referred to below, they are qualified (as for example by "Plaintiff argues" or "according to Plaintiff").

Defendant conducted a Rule 35 evaluation ("evaluation") of Plaintiff, which was later used in a juvenile court case to which Plaintiff was a party, and the case concerned her minor child. (Doc. No 1 at 6). The evaluation did not "remain confined to a single neutral purpose" but was "used, or prepared to be used, as portable adverse material across proceedings." (*Id.*). The evaluation report was not offered to Plaintiff for her review, rebuttal, or reply. (*Id.*). It was, instead, used in court proceedings within which decisions were made regarding Plaintiff's child's safety, residence, and continuity of care. (*Id.*). Plaintiff was not given the opportunity to cross-examine Defendant regarding the report in the state court proceeding, and Defendant never testified as to the report. (*Id.* at 7). Plaintiff argues she was deprived of fair process as it pertains to the report and its use in the case. (*Id.*).

Defendant later testified in "Joshua Lyons'[1] administrative appeal of the substantiation," and Joshua Lyons paid Defendant for the evaluation. (*Id.* at 8). Plaintiff argues that the use of

---

[1] Plaintiff does not specify the identity of Joshua Lyons. As best the Court can discern, Joshua Lyons is Plaintiff's prior partner with whom she shares a child. (Doc. No. 1 at 6, 11).

Defendant in the administrative appeal, after Defendant's report "had already functioned in the original court without meaningful adversarial testing from its author", demonstrates "cross-forum misuse" and also demonstrates that "Defendant was functioning as an advocate-aligned actor rather than a neutral evaluator." (*Id.*).

For more than four months, Defendant failed to locate or process Plaintiff's signed medical releases and informed-consent documents. (*Id.* at 9). Plaintiff argues that this "prolonged mishandling" of the documents undermines the integrity and accuracy of the evaluation, which renders the evaluation report unreliable and materially prejudicial. (*Id.*).

Rebecca Ray, LPC treated Plaintiff and her daughter in a therapeutic capacity. (*Id.*). Ms. Ray documented that Defendant failed to "accurately incorporate clinical feedback or appropriately consider trauma context [and] did not seek proper therapeutic records or contextual history" despite being aware that Ms. Ray treated Plaintiff and her child, and Defendant's communications with Ms. Ray were antagonistic and unprofessional. (*Id.* at 10). Defendant attempted to pressure Ms. Ray into agreeing with his conclusions, which (according to Plaintiff) constituted biased and prejudicial conduct. (*Id.*).

Defendant declined to "meaningfully consider" evidence that Plaintiff and her child had suffered abuse by Joshua Lyons. (*Id.* at 11). Defendant, instead, framed Plaintiff as the "problem parent," and the evaluation report was "later used within the same course of proceedings that led to coercive custody-related outcomes, including the relocation order." (*Id.*).

Tennessee appellate materials and documentation exist that show repeated concerns about Defendant's reliability, omissions, carelessness, and bias. (*Id.*). Defendant was neither board-certified in forensic psychology nor a member of the American Psychological Association, and his Tennessee psychology license was under board investigation. (*Id.* at 13).

Defendant's evaluation report was concealed (and also, according to Plaintiff, weakly grounded and prejudicial), and yet nevertheless was used in matters that affected Plaintiff's child's safety, residence, relocation, and custody. (*Id.* at 14). As a result of Defendant's actions and evaluation report, Plaintiff "suffered severe emotional distress, litigation burden, procedural deprivation, and ongoing harm from the continued existence and use of the report," and she incurred costs and burdens when attempting to challenge the evaluation report and its effects. (*Id.*).

Plaintiff requests that this Court enter judgment in her favor; declare that Defendant's evaluation report was generated and used through defective and unfair process; enjoin further dissemination, testimony about, or reliance upon the evaluation report absent full disclosure and fair adversarial opportunity; award compensatory and punitive damages; and award costs and such further relief as the Court deems just and proper. (*Id.* at 21).

C. <u>ANALYSIS</u>

Plaintiff asserts against Defendant a claim under 42 U.S.C. § 1983 based on alleged violations of procedural due process, as well as state law claims of professional negligence, malpractice, and negligent and/or intentional misrepresentation. (Doc. No. 1 at 14-18).

42 U.S.C. § 1983 provides a cause of action against anyone who, under color of state law, deprives a person of any right secured by the United States Constitution or federal law. To state a colorable Section 1983 claim, a plaintiff must allege: (1) "the deprivation of a right secured by the Constitution or laws of the United States" and (2) "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). If either element is absent, then the Section 1983 claim has not been properly pleaded. *Kissinger v. Mahoning Cnty. Republican Party*, 677 F. Supp.

3d 716, 724 (N.D. Ohio June 16, 2023) (citing *Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio July 15, 2010)).

Private actors may be subject to Section 1983 claims both when their conduct qualifies as that of a state actor, *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 139-40 (6th Cir. 2023) (citing *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014)), and when that conduct "may be 'fairly attributable to the state.'" *Nugent*, 72 F.4th at 140 (quoting *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)). There exist three tests that determine whether an individual is a state actor: the public function test, the state compulsion test, and the nexus test. *Carl*, 763 F.3d at 595 (citing *Ellison,* 48 F.3d at 195).

> The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state" . . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state . . . . Finally, the nexus test requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Ellison*, 48 F.3d at 195 (citations omitted). If any one or more of these three tests is satisfied, then the private party constitutes a state actor for purposes of § 1983.

Plaintiff states Defendant was "a willful participant in a state-linked process." (Doc. No. 1 at 17). But that is not the standard for determining whether an individual is a state actor; none of the three tests contemplates state-actor status for a private-party due merely to the private party being a "willful participant in a state-linked process."

Moreover, Plaintiff's arguments are contradictory, at least to an extent. While asserting that Defendant is a state actor, Plaintiff also alleges that Defendant made misrepresentations "about his role, including statements that he was acting for or on behalf of the judge, despite payment by

Joshua Lyons and conduct aligned in practice with Joshua Lyons's narrative." (*Id.* at 16). Here, Plaintiff argues in essence that he was *not* acting on behalf of a particular state actor, i.e., the judge.

According to the Complaint, Defendant is a Tennessee licensed psychologist who was hired and paid by Joshua Lyons, not the state, for services related to a child custody case. (*Id.* at 5, 8). Plaintiff does not allege that Defendant's evaluation of Plaintiff was an exercise of powers traditionally reserved exclusively to the state. Providing expert testimony is not a "public function" traditionally and exclusively reserved for the state. *Childs v. United Cmty. Bank*, No. 3:08-CV-271, 2009 WL 2244634, at *5 (E.D. Tenn. July 24, 2009) (stating that the public function test is interpreted narrowly, only including into its category functions such as holding elections, exercising eminent domain, and operating a company-owned town).

Plaintiff does not allege that Defendant was significantly encouraged or somehow coerced by the state to perform his duties as they pertained to the case. For Defendant's actions to satisfy the state compulsion test, "the State [must have] act[ed] in such a way to make it responsible for [Defendant's actions]." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). There was no state action here. Defendant's services were paid for by a private litigant rather than the state. Therefore, Defendant's actions cannot qualify as being those of the state. *See Ellison*, 48 F.3d at 195.

Lastly, Plaintiff does not allege that there is a sufficiently close relationship between the state and Defendant whereby the actions taken by Defendant could be attributed to the state. Much like private attorneys, expert witnesses hired by a litigant (here, by Joshua Lyons) act as *participants in the adversarial process* rather than as *agents of the state government*. *See Briscoe v. LaHue*, 460 U.S. 325, 325 (1983) ("Section 1983 does not authorize a damages claim against private witnesses.").

Because Plaintiffs allegations fail to plausibly suggest satisfaction of any of the three tests for state-actor status for a private party, it cannot be inferred that the sole defendant in this case is a state actor under 42 U.S.C. § 1983. Plaintiff's 42 U.S.C. § 1983 claim against Defendant will therefore be dismissed with prejudice.

Finally, with respect to Plaintiff's state law claims of professional negligence, malpractice, and negligent and/or intentional misrepresentation, 28 U.S.C. § 1367(a) provides that, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." *Id.* The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3). *See also Grand v. City of University Heights*, 159 F.4th 507, 517 (6th Cir. 2025) ("'[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.'" (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

Having dismissed Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the Complaint. As such, any state law claims asserted in the Complaint will be dismissed without prejudice, to be filed, if Plaintiff chooses, in a Tennessee state court.

### III. CONCLUSION

The Court has reviewed the pro se, in forma pauperis Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and rules as follows.

Plaintiff's IFP Application (Doc. No. 5) is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint (Doc. No. 1) in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff's 42 U.S.C. § 1983 claim against the sole Defendant fails to state a claim upon which relief can be granted and therefore is **DISMISSED WITH PREJUDICE**.

Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**, to be filed in a Tennessee state court if Plaintiff so chooses. The Court makes no representations as to the validity or timeliness of such claims.

For the aforementioned reasons, this case is **DISMISSED**.

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment pursuant to Fed. R. Civ. P. 58(b) and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE